UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **David Lewis,** *Plaintiff*, v. **Experian Information Solutions, Inc.,** *Defendant*. | Case Number: **JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, David Lewis, ("Mr. Lewis") by and through the undersigned attorneys, Seraph Legal, P.A., and complains of the Defendant, Experian Information Solutions, Inc. ("Experian"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by the Plaintiff against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Ind. Trial R. 4.4.

4. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), because the acts complained of were committed and / or caused by the Defendant within this District.

## PARTIES

5. Plaintiff is a natural person who was domiciled in Indianapolis at all times relevant, and is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

6. Experian is an Ohio corporation, with a primary business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

7. Experian is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.**

8. Experian is a nationwide Consumer Reporting Agency ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications. As a CRA, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Consumer Disclosure Neither Clear nor Accurate

9. Within the past two years, Plaintiff obtained a consumer disclosure from Experian ("**Experian's Disclosure**").

10. Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Experian was required to "clearly and accurately" disclose *all* information in the Plaintiff's file at the time of the request, as well as the *sources of information relied upon*.

11. Equifax provided its disclosure to Plaintiff in the county of residence referenced above.

**Alternate SSNs**

12. Plaintiff has only ever had one SSN, and has never obtained, nor used any alternate SSN

13. Despite this, Experian's Disclosure to Plaintiff inaccurately included three "alternate" SSNs.

14. Experian's inclusion of false or alternate SSNs implies that the Plaintiff previously applied for credit using multiple SSNs or otherwise engaged in fraudulent conduct.

15. Experian's inclusion of false or alternate SSNs alarms the Plaintiff that they may be the victim of identity fraud.

16. Experian did not indicate the source(s) of information on which Experian relied to determine that the Plaintiff had ever used other SSNs.

17. While Experian included the full 9-digits of the alternate SSNs to lenders who requested Plaintiff's credit report, Experian only provided truncated versions to the Plaintiff in consumer disclosures.

18. Disclosing to a consumer that there are "alternate SSNs," while redacting all digits save for the last four makes it virtually impossible for a consumer to investigate how, or why, this "alternate" SSN is contained in their credit file.

19. Experian's redaction of the alternate SSNs on the report it provided to the Plaintiff indicates that Experian believed the alternate SSNs did not actually belong to the Plaintiff.

20. Despite its apparent belief that the alternate SSNs were not the Plaintiff's, Experian incorporated the alternate SSNs, unredacted, into reports it sold to third-parties.

21. Experian has been sued multiple times for this same issue prior to the generation of Plaintiff's errant reports and disclosures.

22. Despite this knowledge and the fact that simple technological adjustments would prevent such mismatches, Experian continues to sell reports to third-parties in which it falsely claims consumers have used multiple SSNs.

23. On its face, Experian's current policies do not reasonably ensure the "maximum possible accuracy" of credit reports produced, despite being required to do so under the FCRA, 15 U.S.C. § 1681e(b).

24. Experian knows that the FCRA requires it to disclose the sources of information relied upon in compiling the consumer's credit report when providing a consumer disclosure.

25. Experian also knows that its disclosures *do not* inform the consumer as to the sources of data on which it relies to determine that a consumer has multiple SSNs.

26. Records from Experian indicate that it has sold numerous reports which include these false, alternate SSN's.

27. The FCRA is clear in its requirement that Experian, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

28. Experian was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff.

29. Including SSNs which do not belong to The Plaintiff and were not utilized by the Plaintiff is an inherently unreasonable procedure for ensuring maximum possible accuracy.

30. Thus, Experian failed to use reasonable procedures when preparing the credit reports sold to each lender.

31. Experian failed to use reasonable procedures when preparing the credit file disclosures given to consumers.

32. Experian's procedures and policies regarding alternate SSN's leave consumers confused and afraid that they are currently being victimized by identity theft.

33. The intentional refusal of Experian to provide the full alternate SSN and source of that alternate SSN to consumers causes unnecessary suffering in the form of anxiety, panic, and mental distress.

34. As a result of Experian's failure to prepare reports utilizing procedures to ensure maximum possible accuracy, Plaintiff has suffered:

   a. an impaired ability to obtain credit and services,

   b. economic losses, and

   c. non-economic damages such as emotional distress and mental anguish.

35. The informational injury-in-fact, specifically the withholding of information to which the Plaintiff was entitled and needed, confers standing under Article III of the United States Constitution.

36. Experian's procedures and policies regarding alternate SSN's do not require any additional, manual, or human review of the files flagged.

37. Very few people legitimately have alternate SSN's, but Experian still automatically incorporates alternate SSN's into thousands of consumer files each year.

38. Plaintiff has hired the aforementioned law firm for representation in this matter and has assigned the firm any right to fees and costs.

## COUNT I
## EXPERIAN'S VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

39. Plaintiff adopts and incorporates paragraphs 1 - 38 as if fully stated herein.

40. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding the Plaintiff when Experian sold numerous reports which contained alternate SSNs not belonging to the Plaintiff"

41. Experian's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy, and its policies could reasonably be foreseen to cause harm to the Plaintiff.

42. As a result of its conduct, Experian is liable to the Plaintiff pursuant to the FCRA for the greater of Plaintiff's actual damages or statutory damages of up to $1,000 for *each occurrence*.

43. Alternatively, Experian's conduct was the result of negligence, and Experian is liable to Plaintiff for actual damages.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment against Experian for:

 a. The greater of Plaintiff's actual damages or statutory damages of **$1,000** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A), or Ms. Smith's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

 b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

 c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) or 15 U.S.C. § 1681o(a)(2); and

 d. Such other relief that this Court deems just and proper.

## COUNT II
## EXPERIAN'S VIOLATIONS OF THE FCRA -15 U.S.C. § 1681g

44. Plaintiff adopts and incorporates paragraphs 1 - 39 as if fully stated herein.

45. Experian violated **15 U.S.C. § 1681g,** when responding to Plaintiff's request for a consumer disclosure by failing to clearly and accurately disclose to Plaintiff all of the information in her file at the time of the request. Specifically, Experian disclosed false, alternate SSNs, and failed to disclose the sources of those false SSNs.

46. This failure thereby prevented the Plaintiff from investigating and rectifying the issue, and instead forced the Plaintiff to suffer through the fear of identity theft and lost credit opportunities.

47. Experian's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures, and its policies could reasonably be foreseen to cause harm to the Plaintiff.

48. As a result of its conduct, Experian is liable to the Plaintiff pursuant to the FCRA for the greater of Plaintiff's actual damages or statutory damages of up to $1,000 for *each occurrence*.

49. Alternatively, Experian's conduct was the result of negligence, and Experian is liable to the Plaintiff for actual damages caused.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of the Plaintiff's actual damages or statutory damages of **$1,000** per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A), or just the Plaintiff's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) or 15 U.S.C. § 1681o(a)(2); and

    d.    Such other relief that this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **January 6, 2023**, by:

**SERAPH LEGAL, P. A.**

*/s/ Thomas M. Bonan*
Thomas M. Bonan Esq.
Florida Bar No.: 118103
TBonan@SeraphLegal.com
1614 N 19th Street
Tampa, Florida 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*